## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., a corporation | ) ) ) | Case No. 1:17-cv-5581 |
| Plaintiff, | ) ) | Judge: |
| v. | ) ) | Jury Trial Demanded |
| VELA TRADING TECHNOLOGIES LLC, a limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, Trading Technologies International, Inc. ("Trading Technologies"), alleges as follows:

## NATURE OF ACTION

1.  This is a civil action for trademark infringement, unfair competition, and false designation of origin in violation of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"); deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq.*; consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1, *et seq.*; trade name and trademark infringement under Illinois common law; and unfair competition under Illinois common law.

2.  This action results from, among other things, Defendant Vela Trading Technologies LLC's infringement of Trading Technologies' registered trademarks, including TRADING TECHNOLOGIES and TT, through Defendant's unauthorized use of the confusingly

similar terms VELA TRADING TECHNOLOGIES, Vela Trading Tech and Vela_TT for nearly identical products and services.

3.     Defendant Vela Trading Technologies LLC ("Defendant") uses the Infringing Marks on its software products and related services, on its websites and in its www.VelaTradingTech.com and www.VelaTT.com domain names, and on related advertisements, communications, press releases, and social media in connection with the marketing and promotion of its products and services in interstate commerce. Despite knowledge of Trading Technologies' extensive use of, common law rights in, and registrations of the marks TRADING TECHNOLOGIES and TT, Defendant adopted and continues to use confusingly similar terms for products and services that directly compete with Trading Technologies.

4.     Because of the irreparable harm caused by Defendant's unauthorized and unlawful use of Trading Technologies' trademarks, Trading Technologies seeks permanent injunctive relief as well as monetary relief against Defendant for the Defendant's wrongful acts.

## **PARTIES**

5.     Plaintiff Trading Technologies is a Delaware corporation with its principal place of business in Chicago, Illinois.

6.     Upon information and belief, Defendant is a Delaware limited liability company with its principal place of business in New York, New York. Upon information and belief, Defendant has an office in Chicago, Illinois and is doing business in the State of Illinois in this judicial district.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction because this action arises under the Lanham Act, and jurisdiction is specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Jurisdiction for the Illinois state statutory and common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is also proper under 28 U.S.C. § 1391(c) as Defendant resides in and is subject to jurisdiction in this district.

## FACTS

### Trading Technologies and Its Valuable and Well-Known Trademarks

9.      Trading Technologies is a leading developer of high-performance trading platforms for derivatives professionals in the electronic trading industry.  First established in Frankfurt, Germany in 1994, Trading Technologies has been headquartered in Chicago, Illinois, and its surrounding area, since 1996.  After many years of success, Trading Technologies maintains a worldwide presence with offices in Chicago, New York, Houston, São Paulo, London, Geneva, Frankfurt, Singapore, Hong Kong, Pune, Tokyo and Sydney.

10.     Trading Technologies' software platforms are used by trading professionals throughout the world, including the world's premier investment banks, brokers, Futures Commission Merchants (FCMs), hedge funds, proprietary trading firms and other trading institutions.

11.     Through its industry-leading products, Trading Technologies connects trading professionals from around the globe to the world's top futures exchanges, including: Australian

Securities Exchange (ASX), BM&FBOVESPA, BrokerTec, Bursa Malaysia (BMD), CBOE

Futures Exchange (CFE), Chicago Board of Trade (CBOT), Chicago Mercantile Exchange

(CME), CME Europe, Dubai Gold and Commodities Exchange (DGCX), Dubai Mercantile

Exchange (DME), Eris Exchange, Eurex, Euronext Amsterdam, Euronext Brussels, Euronext

Lisbon, Euronext Paris, European Energy Exchange (EEX), GMEX Exchange, FEX Global,

Hong Kong Exchanges and Clearing (HKEX), ICE Futures Canada (formerly WCE), ICE Index,

ICE Futures Europe, ICE Futures US (formerly NYBOT), ICE Futures Singapore, IDEM (Borsa

Italiana), KCG Fixed Income, London Metal Exchange (LME), London Stock Exchange (LSE)

Derivatives Market, Mexican Derivatives Exchange (MEXDER), MEFF (Mercado Español de

Futuros Financieros), Minneapolis Grain Exchange (MGEX), Montréal Exchange (MX),

NASDAQ Commodities, NASDAQ eSpeed, NASDAQ Futures (NFX), NASDAQ NLZ (NLX),

NASDAQ Nordic Derivatives, New York Commodities Exchange (COMEX), New York

Mercantile Exchange (NYMEX), Osaka Securities Exchange (OSE), Oslo BØRS, Singapore

Exchange (SGX), Tokyo Commodity Exchange (TOCOM), and Tokyo Financial Exchange

(TFX).

    12.    For many years, and long before the acts of Defendant complained of herein,

Trading Technologies has used the marks TRADING TECHNOLOGIES,

 , TT,

TT CAMPUSCONNECT, TT CVD and TT ANALYTICS in connection with its products and

services (collectively, the "TRADING TECHNOLOGIES and TT Marks").

13.     Trading Technologies owns numerous federal trademark registrations on the

Principal Register of the United States Patent and Trademark Office, including the following:

| MARK | U.S. REG. NO. | U.S. REG. DATE | GOODS/SERVICES |
|------|------|------|------|
| **TRADING TECHNOLOGIES** | 2,783,691 | 11/18/2003 | Integrated suite of computer software programs for use as management, buying and selling tools by professionals in the financial fields of securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges in International Class 9; and<br><br>Providing computer consulting services in the field of financial management related to buying and selling of individual financial products by professionals in the fields of securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges in International Class 42. |

| MARK | U.S. REG. NO. | U.S. REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| **TT** | 4,886,625 | 1/12/2016 | Integrated suite of computer software programs for use as management, buying and selling tools by professionals in the financial fields of securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges in International Class 9.<br><br>Computer software manuals in the field of financial trading in International Class 16.<br><br>Computer software consulting services in the field of financial management related to buying and selling of individual financial products by professionals in the fields of securities, commodities, futures, options, equity and debt instruments, currencies and electronic and foreign exchanges; software as a service (SAAS) services featuring software for use as management, buying and selling tools by professionals in the financial fields of securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges in International Class 42. |
| ◆ TRADING TECHNOLOGIES | 4,970,667 | 5/31/2016 | Providing computer consulting services relating to computer software for use in the field of financial management related to buying and selling of individual financial products by professionals in the fields of securities, commodities, futures, options, equity and debt instruments, currencies and electronic and foreign exchanges in International Class 42. |

| MARK | U.S. REG. NO. | U.S. REG. DATE | GOODS/SERVICES |
|---|---|---|---|
|  TRADING TECHNOLOGIES | 4,970,668 | 5/31/2016 | Providing computer consulting services relating to computer software for use in the field of financial management related to buying and selling of individual financial products by professionals in the fields of securities, commodities, futures, options, equity and debt instruments, currencies and electronic and foreign exchanges in International Class 42. |
|  TRADING TECHNOLOGIES | 4,960,720 | 5/17/2016 | Integrated suite of computer software programs for use as management, buying and selling tools by professionals in the financial fields of securities, commodities, futures, options, equity and debt instruments, currencies and electronic and foreign exchanges in International Class 9.

Computer software manuals in the field of financial trading in International Class 16.

Providing computer consulting services relating to computer software for use in the field of financial management related to buying and selling of individual financial products by professionals in the fields of securities, commodities, futures, options, equity and debt instruments, currencies and electronic and foreign exchanges in International Class 42. |
| **TT CVD** | 3,494,005 | 8/26/2008 | Computer software for use in connection with the risk management, trading, routing, pricing, reporting and processing of securities, commodities, futures, options, equity and debt instruments, insurance related financial products, electricity related financial products, currencies, and electronic and foreign exchanges in International Class 9. |

| MARK | U.S. REG. NO. | U.S. REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| **TT ANALYTICS** | 4,565,480 | 7/8/2014 | Integrated suite of computer software programs for use in conducting or processing financial transactions, evaluating trade decisions, and management of pricing data by professionals in the fields of securities, commodities, futures, options, equity and debt instruments, currencies and electronic and foreign exchanges in International Class 9. |
| **TT CAMPUSCONNECT** | 5,096,393 | 12/6/2016 | Educational services, namely, arranging and conducting classes, seminars, workshops, webinars, presentations, tutoring, and mentoring in the field of computer software programs for use as management, buying and selling tools by professionals in the financial fields of securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges; providing online non-downloadable videos in the field of teaching, mentoring and tutoring pertaining to buying and selling tools by professionals in the financial fields of securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges in International Class 41. |

14.     These registrations are valid and subsisting, and in full force and effect.  True and correct copies of the federal trademark registration certificates for these marks are attached hereto as Exhibit A.  Registration Nos. 2,783,691 and 3,494,005 above have become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and, accordingly, constitute conclusive evidence of the validity of marks depicted therein, of Trading Technologies' ownership of those marks, and of Trading Technologies' exclusive right to use the marks identified in these registrations throughout the United States.  The remaining registrations listed

above constitute *prima facie* evidence of the validity of the marks depicted therein, as well as Trading Technologies' ownership of and exclusive right to use these marks for the listed goods and services.  15 U.S.C. §§ 1057(b) and 1115(a).

15.     Trading Technologies has sold hundreds of millions of dollars of software and services throughout the world under its TRADING TECHNOLOGIES and TT Marks.  In addition, Trading Technologies has spent substantial sums advertising and promoting its goods and services sold in connection with the TRADING TECHNOLOGIES and TT Marks.  As a result of Trading Technologies' extensive sales and promotion, and publicity and news reports generated by third parties, the TRADING TECHNOLOGIES and TT Marks are well-known among consumers in the trading industry, and represent an enormously valuable goodwill owned by Trading Technologies.

16.     Trading Technologies operates a website located at www.TradingTechnologies.com, on which it prominently features the TRADING TECHNOLOGIES and TT Marks to advertise and promote its products and services throughout the United States, including in the State of Illinois and in this judicial district.

17.     Trading Technologies also maintains an online presence on several social media platforms, which include but are not limited to Facebook (https://www.facebook.com/TradingTechnologies), Twitter (https://twitter.com/Trading_Tech), Instagram (https://www.instagram.com/trading_tech/), Medium (https://medium.com/@Trading_Tech), LinkedIn (https://www.linkedin.com/company-beta/7734/) and YouTube (https://www.youtube.com/user/TradingTechTV).  Trading Technologies' social media account names include "Trading Technologies", "Trading_Tech" and "TradingTechTV".

18.     Trading Technologies communicates with clients and potential clients with its "_____@tradingtechnologies.com" and "_____@trade.tt" email addresses.

### DEFENDANT'S INFRINGING CONDUCT

19.     From 2007 until 2016, Defendant operated as Street Response Laboratories (hereinafter, "SR Labs").   Upon information and belief, SR Labs' business focused primarily on providing market data for the financial services industry.

20.     Trading Technologies has been Defendant's customer since 2012, when it entered into a license agreement with SR Labs to use some of Defendant's market data services (the "Agreement").

21.     On or around June 20, 2016, Defendant changed its corporate and trade name to Vela Trading Technologies LLC.

<u>Defendant's Acquisition of OptionsCity</u>

22.     Upon information and belief, on or around June 20, 2017, Defendant entered into a definitive agreement to acquire OptionsCity Software, a Chicago, Illinois, company that provides futures and options trading and analytics solutions (hereinafter, the "OptionsCity Acquisition").

23.     Upon information and belief, OptionsCity provides trading and analytics software in the options and futures industry.

24.     Upon information and belief, the OptionsCity Acquisition will allow Defendant to provide trading, risk management and analytics products and services for professional futures and options traders, market-makers, introducing brokers and financial institutions worldwide.

-10-

25.     Upon information and belief, the OptionsCity Acquisition also provides Defendant's clients with access to additional asset classes, trading venues, geographies, data feeds and market access products.

26.     Upon information and belief, the OptionsCity Acquisition has closed.

<u>Defendant's Acquisition of Object Trading</u>

27.     Upon information and belief, on or around July 13, 2017, Defendant signed a definitive agreement to acquire Object Trading, a provider of a Direct Market Access (DMA) platform which gives traders direct access to trade on more than 60 global exchanges (hereinafter, the "Object Trading Acquisition").

28.     Upon information and belief, Object Trading also provides pre-trade risk controls and market data analytics applications for traders.

29.     Upon information and belief, the Object Trading Acquisition will allow Defendant to provide an infrastructure platform to gain direct market access for order and execution management, pricing and risk data, pre- and post- trade risk management and analytics.

30.      Upon information and belief, the Object Trading Acquisition has closed.

31.     Upon information and belief, Defendant claims that the acquisitions of Object Trading and OptionsCity allow Defendant to provide an end-to-end trading platform with global, multi-asset class coverage; market access and market data; pre-trade risk controls; post-trade processing; trading analytics; and a front-end GUI for price discovery, workflow management and order entry.

32.     Upon information and belief, the acquisitions of Object Trading and OptionsCity will allow Defendant to compete more directly with Trading Technologies' products and services.

<u>Defendant's Infringing Marks</u>

33.     Defendant operates websites located at www.VelaTradingTech.com and www.VelaTT.com, on which Defendant advertises and promotes its products and services throughout the United States, including in the State of Illinois and in this judicial district.

34.     Upon information and belief, Defendant uses "_____@VelaTT.com" and "_____@VelaTradingTech.com" as email addresses for its employees.

35.     Upon information and belief, Defendant also maintains an online presence on several social media platforms, including LinkedIn (https://www.linkedin.com/company-beta/7970295/), Twitter (https://twitter.com/vela_tt) and Instagram (https://www.instagram.com/vela_tt).  Defendant's social media account names include "VELA TRADING TECHNOLOGIES" and "VELA_TT".

36.     Upon information and belief, Defendant offers trading software and market data for securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges under the trade name and mark VELA TRADING TECHNOLOGIES and the mark VELA_TT (hereinafter, "Infringing Marks").

37.     Upon information and belief, Defendant uses the Infringing Marks in connection with computer software products and services for conducting and processing financial transactions, evaluating trade decisions and managing pricing data.

38.     Upon information and belief, Defendant uses the Infringing Marks on its www.VelaTradingTech.com websites to promote its products and services.  For example,

-12-

Defendant states on its website that its "products and services deliver robust, integrated solutions for all market participants, from single traders to tier one investment banks." Defendant's website also describes its computer software as a "product suite."

39.     Upon information and belief, Defendant also uses the Infringing Marks for computer consulting services for its computer software used in the field of financial management related to buying and selling of financial products. For example, Defendant states on its website that it offers "expert consultancy to support client deployments."

40.     Upon information and belief, Defendant's customers include professionals in the financial fields of securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges. Such customers include (i) financial services firms, (ii) financial market participants from individual trading desks and algorithmic platforms through to the enterprise, and (iii) market data consumers.

41.     Defendant offers products and services under the Infringing Marks that are identical to, or closely similar to, those offered by Trading Technologies under its TRADING TECHNOLOGIES and TT Marks. For example, Trading Technologies and Defendant both develop and sell software solutions that facilitate the buying and selling of individual financial products, including securities, commodities, futures, options, equity and debt instruments, currencies and electronic and foreign exchanges. Accordingly, Trading Technologies and Defendant are direct competitors.

Defendant and Trading Technologies are Competitors

42.     Trading Technologies' and Defendant's target customers are the same and include professionals in the financial fields of securities, commodities, futures, options, equity and debt instruments, currencies and foreign exchanges.

-13-

43.     Trading Technologies and Defendant both market their products and services on the Internet and through the same social media platforms, including but not limited to LinkedIn, Twitter and Instagram.  Just as many of the TRADING TECHNOLOGIES and TT Marks use the abbreviated "TT" form (*e.g.,* TT, TT CAMPUS CONNECT, TT CVD, and TT ANALYTICS), Defendant uses the term TT as part of its "VELA_TT" mark to promote its competing products and services.  Additionally, just as many of Trading Technologies' social media account names use the term "Trading Tech" to refer to "Trading Technologies", Defendant uses the domain name "Vela Trading Tech" (*i.e.,* [www.VelaTradingTech.com](www.VelaTradingTech.com)) to refer to "Vela Trading Technologies" and to promote Defendant's competing products and services.

44.     Prior to its adopting the VELA TRADING TECHNOLOGIES name and mark, Defendant was aware that Trading Technologies used the TRADING TECHNOLOGIES and TT Marks because, among other things, Trading Technologies was one of Defendant's customers prior to its change of name from "SR Labs" to "Vela Trading Technologies".

45.     Upon information and belief and prior to its adoption of the name VELA TRADING TECHNOLOGIES, Defendant was aware that Trading Technologies owned federal trademark registrations of the TRADING TECHNOLOGIES and TT Marks.

46.     Defendant uses the Infringing Marks on products and services that are sold, offered, and provided through the same trade channels as Trading Technologies' products and services.

47.     Defendant uses the Infringing Marks on products and services that are sold, offered, and provided in interstate commerce, including in the State of Illinois and in this judicial district.

-14-

48.     Defendant's use of the Infringing Marks is without the consent or authorization of Trading Technologies.

49.     On information and belief, Defendant began using the Infringing Marks with full knowledge of Trading Technologies' prior rights in its TRADING TECHNOLOGIES and TT Marks, to trade upon Trading Technologies' goodwill and reputation in the computerized trading industry, to make Defendant's business appear to be part of Trading Technologies' family of trading products and services, and to give Defendant's products and services a salability they otherwise would not have.

50.     Representatives of Trading Technologies have spoken with Jenn Nayer, CEO of Defendant, and Defendant's outside counsel, and demanded that Defendant cease using the Infringing Marks.  Defendant has refused to comply with Trading Technologies' demands.

51.     Upon information and belief, Defendant's aforementioned uses of the Infringing Marks constitute a deliberate, intentional, and willful attempt to trade upon Trading Technologies' business reputation and goodwill in the TRADING TECHNOLOGIES and TT Marks.

52.     Defendant's use of the Infringing Marks are likely to cause consumers to mistakenly believe that Defendant is sponsored by or affiliated with Trading Technologies, its products and services, and its TRADING TECHNOLOGIES and TT Marks.

53.     Defendant's aforementioned acts of trademark infringement and unfair competition have caused and will continue to cause irreparable harm to Trading Technologies and to the goodwill they own in the TRADING TECHNOLOGIES and TT Marks, as well as lost sales, unless restrained by this Court.  Accordingly, Trading Technologies is without an adequate remedy at law and is entitled to, among other things, an order enjoining and restraining

Defendant from marketing and selling goods and services under the Infringing Marks or marks confusingly similar thereto, including without limitation "TRADING TECHNOLOGIES" and "TT".

## COUNT I
### TRADEMARK INFRINGEMENT IN VIOLATION
### OF SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114(1))

54.     Trading Technologies re-alleges paragraphs 1 through 53, as if fully set forth herein.

55.     Defendant's aforesaid actions are likely to cause confusion, mistake or deception as to source, origin, sponsorship or approval of Defendant's goods or services.

56.     Defendant's actions, thus, constitute trademark infringement of Trading Technologies' registered TRADING TECHNOLOGIES and TT Marks in violation of Section 32(1) of the Lanham Act. 15 U.S.C. § 1114(1).

## COUNT II
### UNFAIR COMPETITION IN VIOLATION
### OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

57.     Trading Technologies re-alleges paragraphs 1 through 56 as if fully set forth herein.

58.     Defendant's aforesaid actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Trading Technologies, or as to the origin, sponsorship, or approval of Defendant's goods or services, in that purchasers are likely to mistakenly believe that Trading Technologies authorizes or controls the sale, offering or provision of Defendant's goods or services, or that Defendant is associated with or authorized by Trading Technologies to sell, offer or provide those goods or services.

59.     Defendant's actions, thus, constitute unfair competition in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
## VIOLATIONS OF ILLINOIS UNIFORM DECEPTIVE TRADE
## PRACTICES ACT — 815 ILCS 510/1 *et seq.*

60.     Trading Technologies re-alleges paragraphs 1 through 59 as if fully set forth

herein.

61.     Defendant's false representation that their products and services are offered under

the Infringing Marks have actually deceived, have the tendency to deceive, and/or are likely to

deceive consumers into believing that their products are sponsored by, affiliated with, or

approved by Trading Technologies.

62.     Defendant's misconduct alleged herein constitutes a violation of the Uniform

Deceptive Trade Practices Act, codified at 815 ILCS 510/1, *et seq.*

## COUNT IV
## VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT — 815 ILCS 505/1 *et seq.*

63.     Trading Technologies re-alleges paragraphs 1 through 62 as if fully set forth

herein.

64.     Defendant's false representation that their products and services are offered under

the Infringing Marks have actually deceived, have the tendency to deceive, and/or are likely to

deceive consumers into believing that their products are sponsored by, affiliated with, or

approved by Trading Technologies.

65.     Defendant's misconduct alleged herein constitutes a violation of the Illinois

Consumer Fraud and Deceptive Business Practices Act, codified at 815 ILCS 505/1, *et seq.*

## COUNT V
## TRADE NAME AND TRADEMARK INFRINGEMENT — ILLINOIS COMMON LAW

66.     Trading Technologies re-alleges paragraphs 1 through 65 as if fully set forth herein.

67.     Defendant's aforesaid infringement of the TRADING TECHNOLOGIES and TT Marks constitutes trade name and trademark infringement under the common law of the State of Illinois.

68.     As a direct and proximate result of this trade name and trademark infringement, Trading Technologies has suffered and is suffering irreparable injury, for which Trading Technologies has no adequate remedy at law.

## COUNT VI
## UNFAIR COMPETITION — ILLINOIS COMMON LAW

69.     Trading Technologies re-alleges paragraphs 1 through 68 as if fully set forth herein.

70.     Defendant's misconduct alleged herein constitutes unfair competition under the common law of the State of Illinois.

71.     As a direct and proximate result of this unfair competition, Trading Technologies has suffered and is suffering irreparable injury, for which Trading Technologies has no adequate remedy at law.

**WHEREFORE**, Trading Technologies prays for a judgment:

A.     Permanently enjoining and restraining Defendant, its respective members, managers, officers, agents, employees, representatives, attorneys and all others acting in concert or participation with any of them, including but not limited to all subsidiaries, affiliates, and licensees of Defendant, from:

-18-

(i)      using the TRADING TECHNOLOGIES and TT Marks, or any

other colorable imitation of the TRADING TECHNOLOGIES and TT

Marks, including without limitation "VELA TRADING

TECHNOLOGIES", "Vela Trading Tech", "VelaTT" and "Vela_TT" or

any name or mark that is similar thereto, on or in connection with the

offering, promotion, marketing or sale of Defendant's goods and services;

(ii)     using any other trademark, service mark, corporate or trade name,

domain name, logo or design that tends falsely to represent, or is likely to

confuse, mislead or deceive consumers to believe that goods or services

promoted, sold and/or offered for sale by Defendant originate from

Trading Technologies, or that said goods or services have been sponsored,

approved, licensed by, or are in some way connected or affiliated with

Trading Technologies;

(iii)    doing any other act or thing likely to induce the belief that

Defendant's business, products or services are in any way connected with

Trading Technologies' business, products or services, or are sponsored,

approved, licensed by, or are in some way connected or affiliated with

Trading Technologies;

(iv)     registering, applying to register, or maintaining any application to

register any names, words, designations or symbols consisting of,

incorporation, in whole or in part, the elements "TRADING

TECHNOLOGIES", "TT", and/or "TRADING TECH" or otherwise

confusingly similar to the TRADING TECHNOLOGIES and TT Marks or

-19-

any other trade names, trademarks or service marks of or licensed to Trading Technologies; and

(v)     pending final determination of this action, destroying or otherwise disposing of:

    (a)  any promotional and advertising material, website archives or versions, and any other unauthorized items which reproduce, copy, imitate or bear the TRADING TECHNOLOGIES and TT Marks, and

    (b)  any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, sale or offering for sale of services in connection with the TRADING TECHNOLOGIES and TT  Marks.

B.     Directing Defendant to:

(i)     account for and pay over to Trading Technologies all profits derived from its acts of trademark infringement and unfair competition, in accordance with 15 U.S.C. § 1117(a), and the laws of Illinois, and that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

(ii)     pay to Trading Technologies all damages it has suffered as a result of Defendant's trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a), and the laws of Illinois, as well as treble the amount of all damages incurred by Trading Technologies by reason of these acts in accordance with 15 U.S.C. § 1117(a);

-20-

(iii)    pay to Trading Technologies damages and restitution in accordance with the common laws of Illinois, on account of all loss, damage and injury caused by Defendant's acts;

(iv)    pay to Trading Technologies the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and the laws of Illinois;

(v)    deliver up for destruction all advertisements, catalogs, and all promotional or other material in Defendant's possession or under its control bearing the TRADING TECHNOLOGIES and TT Marks or any other trademarks confusingly similar thereto, and all plates, molds, matrices and other means of making the same, in accordance with 15 U.S.C. § 1118; and

(vi)    file with the Court and serve on Trading Technologies an affidavit setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

C.    Awarding Trading Technologies such further relief as this Court deems just and equitable.

DATED: July 31, 2017

Respectfully submitted,

By: *s/ Thad Chaloemtiarana/*
   Thad Chaloemtiarana (Ill. Bar No. 6236829)
   Phillip Barengolts (Ill. Bar No. 6274516)
   Paul Borovay (Ill. Bar No. 6312390)
   PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD
   & GERALDSON LLP
   200 South Wacker Drive, Suite 2900
   Chicago, Illinois 60606
   Telephone: (312) 554-8000
   Facsimile: (312) 554-8015
   *tc@pattishall.com*
   *pb@pattishall.com*
   *pab@pattishall.com*

   *Attorneys for Plaintiff Trading Technologies*
   *International, Inc.*